Carswell, Acting P. J., Johnston, Wenzel and MacCrate, JJ., concur; Adel, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: In this negligence action the accident happened on August 19, 1940, when defendant Kafton was nineteen years of age. The action was commenced on August 13, 1942, by service on the Secretary of State pur *980 suant to section 52 of the Vehicle and Traffic Law. The summons and complaint were received by said defendant on August 15, 1942, when he was twenty years of age. He was inducted into the armed services of the United States on September 17, 1942, when he was still under twenty-one years of age. The affidavit and papers concerning service were filed on September 10, 1942, and the service became effective September 20, 1942, when said defendant had not yet reached the age of twenty-one years and while he was in the armed services. Judgment was entered by default on October 25, 1948, at which time he was overage. In November, 1948, he was located at Wellsburg, West Virginia. Action on the judgment was commenced in West Virginia in February, 1949, and this is the first notice that said defendant had that judgment had been entered against him by default. This motion to open the default was brought on by order to show cause dated September 12, 1949, about eleven months after the entry of the judgment. No guardian ad litem was ever appointed for said defendant during his infancy and it is conceded that the provisions of sections 202 and 492 of the Civil Practice Act were not complied with. Treating the motion as an application under section 108 of the Civil Practice Act, I am of the opinion that the denial thereof by Special Term was an improvident exercise of discretion. Especially is that so when, as here, the plaintiff delayed entering judgment for over six years, upon a default which occurred in 1942, when said defendant was an infant and in the armed services. (Brooklyn Finnish Socialist Club v. Lillback, 217 App. Div. 772.)